

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable G. G. Roane
County Attorney
Fort Bend County
Richmond, Texas

Dear Sir:

Opinion No. 0-4477
Re: Construction of Subdivision (d)
Section 3, Article 827a, Penal Code.

We acknowledge receipt of your request for an opinion of this department on the following facts:

"If a truck is hauling a load of long steel which protrudes more than twelve feet beyond the rear of said truck and in such case, for such trip, the operator of the truck nails two boards to the bed of the truck and lets them stick out about twelve feet to the rear of the truck and then nails a board on the end of these two boards in order that the end of the steel rods would rest upon the same, and after delivering said steel at said destination, of course, then removing the boards nailed on the rear of the truck bed. Does this constitute a violation of the law within the meaning of Article 827a, Section 3, Subdivision (d) of our Penal Code?"

Subdivision (d), Section 3, Article 827a, supra, reads as follows:

"No train or combination of vehicles or vehicle operated alone shall carry any load extending more than three (3) feet beyond the front thereof, nor, except as hereinbefore provided, more than four (4) feet beyond the rear thereof."

The determining question is, what constitutes the "rear" of a truck. Section 1, Article 10, Vernon's Texas Civil Statutes, provides as follows:

"The ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such art or trade, with reference to such subject matter."

Honorable G. G. Roane, Page 2 (O-4477)


In 39 Texas Jurisprudence, page 197, Section 105, it is said that one of the primary and settled rules of construction is that words in common use, when contained in a statute, will be read according to their natural, ordinary and popular meaning.

Webster's International Dictionary defines the term "rear" as being: "The back of anything, or the rear of a house; in the hindmost part; hindmost . . ."

Applying the above rules and definition, we are of the opinion that the "rear" of the truck as used in the statute means the end of the bed of the truck and not any extension such as is described in your request. We do not believe it was the intention of the Legislature to permit an evasion of the law by the nailing of a board on to the bed of the truck and thereby extending the length thereof. To hold that such practice would not be a violation of said Article would render said law a useless thing. We cannot presume that the Legislature did a useless thing.

You are therefore advised that under the facts set forth in your request, such an operator would be violating subsection (d), Section 3, Article 827a, Penal Code.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Richard H. Cocke

Richard H. Cocke
Assistant

APPROVED MAR 18, 1942
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

Approved
Opinion Committee
By B W B
Chairman